E-FILED
Monday, 11 January, 2021 12:21:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID G. SPARKS,<br>    Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH<br>SOURCES, INC., et. al.,<br>    Defendants. | )<br>)<br>)<br>)    No. 20-4068<br>)<br>)<br>)<br>)<br>) |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for case management and consideration of Plaintiff's motion for leave to file an amended complaint. [19].

I. BACKGROUND

Plaintiff alleges Defendants Wexford Health Sources, Nurse Stephanie Steele, Medical Director Dr. Elk, and Nurse Dawn Whiteside violated his Eighth Amendment rights at Hill Correctional Center when they were deliberately indifferent to his serious forearm/wrist injury by delaying or denying needed medical care. *See* June 18, 2020 Merit Review Order. Plaintiff fractured his wrist requiring two separate and extensive surgeries. The Defendants have been served and have filed an answer.

The Court's Merit Review Order also noted Plaintiff claimed correctional staff members failed to abide by medical orders, but Plaintiff failed to identify any other Defendants. Plaintiff was advised if he did intend to add any additional claims, he could file a motion for leave to amend. *See* June 18, 2020 Merit Review Order, p. 5.

II. MERIT REVIEW

Plaintiff has now filed a motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [19]. While Plaintiff has provided a complete, proposed amended complaint, he has not included a motion clearly stating his intended additions. It is difficult to decipher some portions of his amended complaint. Nonetheless, it appears Plaintiff is restating the same claims against Defendants Wexford Steele, Elk, and Whiteside.

Plaintiff is also adding allegations against five new Defendants including Lieutenant John Doe, Lieutenant Matherly, Lieutenant Asbury, Nurse E. G., and Bus Driver John Doe. Plaintiff's amended complaint first alleges painful restraints were applied in January of 2019. However, Plaintiff also admits no medical staff member informed him his wrist was broken until two months later, and there were no medical orders regarding restraints at this time.

Several medical permits were issued in March of 2019 requiring specific, protective restraints. Nonetheless, Plaintiff next claims the Defendants intentionally refused to follow those medical orders and applied restraints in a manner causing pain. For instance, Defendant John Doe Bus Driver refused to use the correct restraints while transporting Plaintiff on March 6, 2019.

On March 20, 2019, Lieutenant John Doe pulled on Plaintiff's arm and placed him in improper restraints. Plaintiff appears to allege this incident took place during a transport back to Hill Correctional Center, but it is not clear if the Lieutenant was a Hill

employee. Since Plaintiff says he filed a grievance regarding the incident, he should be able to provide additional information.

Finally, Defendant Lieutenant Matherly ignored the medical permits and used improper restraints on May 8, 2019.

As for the remaining Defendants, Defendant Lieutenant Absbury knew Plaintiff had a serious medical condition requiring medication and treatment, but the Defendant repeatedly refused to honor Plaintiff's medical call pass on August 14, 2019. Plaintiff says he suffered in pain as a result.

Plaintiff underwent his second surgery on November 6, 2019, and claims Nurse E. G. repeatedly refused to provide his pain medication on November 8, 2019 despite his requests. Plaintiff says he suffered in pain for hours.

Plaintiff has adequately articulated Eighth Amendment claims against the five new Defendants. The Court will attempt serve of these individuals. However, to prevent further delays, the Court will enter a Scheduling Order regarding discovery for the served Defendants.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Wexford Health Sources, Nurse Stephanie Steele, Medical Director Dr. Elk, and Nurse Dawn Whiteside violated his Eighth Amendment rights at Hill Correctional Center when they were deliberately indifferent to his serious forearm/wrist injury by

delaying or denying needed medical care; b) Defendant John Doe Bus Driver, Lieutenant John Doe, and Lieutenant Matherly violated Plaintiff's Eighth Amendment rights when they intentionally ignored medical orders and applied painful restraints; c) Lieutenant Absbury violated Plaintiff's Eighth Amendment rights when he intentionally refused to allow Plaintiff scheduled medical care leaving him to suffer in pain on August 14, 2019; and d) Nurse E.G. violated Plaintiff's Eighth Amendment rights when she repeatedly refused to provide prescribed pain medication on November 8, 2019. The claim against Wexford is an official capacity claim. All other claims are individual capacity claims. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Court will attempt service on the five new Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.

3) With respect to a new Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4) The new Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

5) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

6) Counsel for all Defendants is granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

7) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**8) Plaintiff must provide more information concerning Lieutenant John Doe in order to assist in locating and serving this Defendant. Within 21 days of this order, Plaintiff must state in writing whether the officer worked at Hill Correctional Center or participated in the transport of Plaintiff. If not, Plaintiff must explain where and when the interaction took place. If Plaintiff fails to respond within 21 days, the Defendant may be dismissed.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [19]; 2) Add New Defendants Lieutenant John Doe, Lieutenant Matherly, Lieutenant Asbury, Nurse E. G., and Bus Driver John Doe; 3). Attempt service on the new Defendants pursuant to the standard procedures; and 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service.**

ENTERED this 11th day of January, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE